IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,771-01






EX PARTE MICHAEL KEVIN SANDERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 43,919-B IN THE 78TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to capital murder and
aggravated sexual assault and was sentenced to two terms of life imprisonment. He did not appeal
his convictions.

 Applicant contends that his pleas were rendered involuntary because he could not hear the
plea proceedings and was not competent. He also contends that trial counsel rendered ineffective
assistance because he: (1) did not advise the trial court that Applicant could neither understand nor
hear the plea proceedings; (2) ignored Applicant's requests to go to trial; (3) advised Applicant that
if he pleaded guilty his children would not have to live with a pedophile and his wife would not be
executed; (4) did not investigate Applicant's competency; and (5) induced Applicant to plead guilty
by promising him gifts. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact as to whether Applicant's pleas were rendered
involuntary. The trial court shall then make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The plea papers, admonishments,
and the reporter's record of the pleas shall also be returned to this Court within 120 days of the date
of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 5, 2008

Do not publish